IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Henk ROGERS and Akemi ROGERS, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>Makiko FUKASE, et al., )<br>)<br>Defendants. )<br>) | Civ. No. 10-00337 ACK-RLP |
| Makiko FUKASE, )<br>)<br>Third-Party Plaintiff, )<br>)<br>vs. )<br>)<br>Hiroko OGIWARA, et al., )<br>)<br>Third-Party Defendants.)<br>) | |

**ORDER GRANTING MOTION TO CONTINUE HEARING AND
DENYING AS MOOT EX PARTE MOTION TO SHORTEN TIME TO HEAR MOTION**

    Defendant and Third-Party Plaintiff Makiko Fukase has moved under Federal Rule of Civil Procedure 56(d) to continue the hearing on Third-Party Defendants Hiroko Ogiwara and Shuko International Corporation's motion for summary judgment. (ECF No. 121.) The hearing is currently set for Monday, May 23, 2011, alongside a hearing on Fukase's motion to dismiss. Third-Party defendants have opposed the motion. (ECF No. 125 ("Opp'n").) The Court has determined that this motion is suitable for

-1-

decision without a hearing. See LR7.2(d). The Court will grant the motion and reschedule both hearings to Monday, June 27, 2011, at 10:00 a.m.

Rule 56 provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

Fukase's attorney submitted a declaration in support of the motion. (ECF No. 121-1.) The declaration averred that Fukase had attempted to obtain discovery in defense of the summary-judgment motion, but that due to a dispute among the parties, no discovery had been obtained. (Id. ¶¶ 7-9.) It listed the discovery attempts that had been made by title, but did not set forth any specific fact sought to be discovered that would, if obtained, preclude summary judgment. (Id. ¶ 7.) It noted that Magistrate Judge Puglisi has issued an order addressing the discovery disputes and sought to continue the hearing on summary judgment until discovery had been completed as scheduled in that order. (Id. ¶¶ 10-15 (citing ECF No. 120).)

Third-Party Defendants raise a number of arguments in opposition. The most persuasive is that the declaration does not sufficiently specify the facts that the requested discovery will

reveal or explain why those facts will preclude summary judgment. To comply with Rule 56(d), a declaration must do so. See Tatum v. City & Cnty. of S.F., 441 F.3d 1090, 1100-01 ("Absent a showing by Tatum that additional discovery would have revealed specific facts precluding summary judgment, the district court did not abuse its discretion by denying Tatum's request for a continuance under [Rule 56(d)].").[1] As described above, the declaration here contains no specifics as to the facts sought to be discovered or their preclusive effect on summary judgment.

Yet the Ninth Circuit does not insist on rigid adherence to the requirements of Rule 56(d). A pending motion to compel discovery, for example, has been held "sufficient to raise [Rule 56(d)] consideration." Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306 n.1 (9th Cir. 1986); see also Garrett v. City & Cnty. of S.F., 818 F.2d 1515, 1518 (9th Cir. 1987) ("[A]lthough not formally denominated as a request under [Rule 56(d)], under Ninth Circuit precedent Garrett's discovery motion was sufficient to raise the issue of whether he should be permitted additional discovery.").

If a pending motion to compel discovery supports

---

[1] The 2010 Amendments to Rule 56, effective December 1, 2010, moved the provisions of subdivision (f) to subdivision (d) "without substantial change." See Fed. R. Civ. P. 56 advisory committee's note. Accordingly, the Court's Rule 56(d) analysis is informed by precedent construing the former Rule 56(f). Tatum, for example, construed the rule as previously lettered.

continuing a summary-judgment hearing, then a standing order to respond to discovery requests does so even more strongly. The order on discovery motions requires that Plaintiffs and Third-Party Defendants provide written responses to all of Fukase's pending discovery requests. (ECF No. 120 at 6.) It also allows Fukase to take two depositions. (Id. at 7.) The schedule in the order suggests that Fukase will obtain written discovery as late as May 22, 2011, the day before the scheduled hearing, and will take the depositions as late as June 1, 2011, more than a week after the scheduled hearing. (Id. at 5–7.) It would be premature to hold a summary-judgment hearing before the court-ordered deadlines for responses to Fukase's discovery requests have passed.

The remainder of Third-Party Defendants' arguments in opposition are unpersuasive. For example, Third-Party Defendants complain that Fukase's discovery efforts were dilatory. But the requests were filed two months before the discovery deadline, and only one month after the motion for summary judgment was filed. They also claim that Fukase's delayed discovery responses justify their own delay in providing discovery. But Magistrate Judge Puglisi has already resolved the parties' discovery dispute, and the Court will not revisit it. Finally, the proposition that Fukase will not be able to prove any of her claims without the aid of her own expert witness is questionable. And in any event,

to the extent that the proposition is viable, it will remain viable after the pending discovery has been produced.

In a footnote, Third-Party Defendants imply that Fukase may no longer be pursuing certain claims against them. (Opp'n at 5 n.1.) The Court has reviewed the cited filing, which states that "Fukase has not made 'affirmative claims' against [Third-Party Defendants], but rather has made claims in reaction to the instant Complaint, to protect herself from any liability that may be placed upon her due to the actions of [Third-Party Defendants]." (ECF No. 77 at 6.) It does not appear to the Court that this language indicates an intention to abandon any claims. Rather, it appears that Fukase was asserting that she would not have brought claims against Third-Party Defendants if Plaintiffs had not brought claims against her. But to the extent that there are pending claims that Fukase (or any other party) may no longer intend to pursue, the pending discovery should help the parties to clarify their positions. Any clarification will in turn facilitate the Court's review of the pending dispositive motions and serve judicial economy.

In summary, the Court finds that Third-Party Defendants have not shown that they will be prejudiced by the continuance of the hearing. The Court also notes that because of its own schedule, the trial currently set to begin on July 19, 2011, will have to be continued to a later date. Continuing the hearing on

summary judgment will therefore not prejudice any party's preparation for trial.

For the foregoing reasons, the Court GRANTS Fukase's motion to continue the hearing on Third-Party Defendants' motion for summary judgment. All hearings in this matter currently set for May 23, 2011, are CONTINUED until Monday, June 27, 2011, at 10:00 a.m. The briefing for that hearing will follow the ordinary schedule set forth in LR7.4.

Finally, Fukase has also moved to shorten the time to hear this motion to continue the summary-judgment hearing. (ECF No. 122.) That motion is DENIED as moot.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, May 6, 2011.

/s/ Alan C. Kay
Alan C. Kay
Sr. United States District Judge

Rogers v. Fukase, Civ. No. 10-00337 ACK-RLP: Order Granting Motion to Continue Hearing and Denying as Moot Ex Parte Motion to Shorten Time to Hear Motion