IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Henk ROGERS and Akemi ROGERS,<br><br>      Plaintiffs,<br><br>    vs.<br><br>Makiko FUKASE, et al.,<br><br>      Defendants.<br>─────────────────────<br>Makiko FUKASE,<br><br>    Third-Party Plaintiff,<br><br>    vs.<br><br>Hiroko OGIWARA, et al.,<br><br>    Third-Party Defendants. | Civ. No. 10-00337 ACK-RLP |

**ORDER GRANTING SECOND MOTION TO CONTINUE HEARING AND
DENYING AS MOOT EX PARTE MOTION TO SHORTEN TIME TO HEAR MOTION**

Defendant and Third-Party Plaintiff Makiko Fukase has moved for a second time under Federal Rule of Civil Procedure 56(d) to continue the hearing on Third-Party Defendants Hiroko Ogiwara and Shuko International Corporation's motion for summary judgment.[1] (ECF No. 152.) Third-Party Defendants have opposed the motion. (ECF No. 156 ("Opp'n").) The hearing is currently

───────────────

[1] The Court granted Fukase's previous motion to continue the hearing. (ECF No. 131.)

-1-

set for Monday, June 27, 2011, alongside a hearing on Fukase's motion to dismiss.

The Court has determined that this motion is suitable for decision without a hearing.  See LR7.2(d).  The Court will grant the motion and reschedule both hearings to Wednesday, July 27, 2011, at 10:00 a.m.

Rule 56 provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d). Fukase has claimed in support of her motion that the discovery ordered by Magistrate Judge Puglisi on April 25, 2011, is underway but has not yet been completed, preventing her from mounting an effective defense to Third-Party Defendants' motion for summary judgment.  (ECF No. 152-1 at 4 (citing ECF No. 120).)

Third-Party Defendants raise three points in opposition: first, that Fukase had ample time to complete discovery in advance of the hearing; second, that Fukase's motion is insufficiently supported under Rule 56(d); and third, that a further continuance will prejudice Third-Party Defendants by causing them to incur additional attorneys' fees and costs. (Opp'n at 2.)

Third-Party Defendants make much of the timing of Fukase's responses. Magistrate Judge Puglisi's order required Fukase to produce her written discovery by May 15, 2011, and required Third-Party Defendants to produce their written discovery within seven days of Fukase's production. (ECF No. 120 at 5-6.) Similarly, Fukase was required to appear for a deposition by May 25, 2011, and Third-Party Defendant Ogiwara and another witness were required to appear for depositions within seven days of Fukase's appearance. (Id. at 5, 7.) Third-Party Defendants assert that Fukase's problems are of her own doing, because she could have created earlier discovery deadlines for them by submitting her own discovery earlier.

Fukase complied with the deadlines set forth in Magistrate Judge Puglisi's order. According to the opposition, she produced written discovery on May 13, 2011, two days before she was required to do so, and appeared for a deposition on May 24, 2011, one day before she was required to do so. Thus Third-Party Defendants' written responses were due by May 20, 2011, and the depositions were to be completed by May 31, 2011. If Fukase had received sufficient responses to her discovery requests, she would have had six days to prepare and file her response to the motion for summary judgment.

Yet Fukase has expressed concerns in this motion about the sufficiency of Third-Party Defendants' discovery responses.

Without resolving those concerns, it appears to the Court that they may be warranted, despite Third-Party Defendants' insistence that they have fully complied with Magistrate Judge Puglisi's order. (Opp'n at 15.) For example, in one request for an admission, Fukase asked Shuko Realty to admit or deny that it "gave advice and recommendations to the Requesting Party regarding the said Boundary Wall issue." (ECF No. 152-4 at 11.) That is a pretty simple question. But Shuko responded with seven lines of "specific objections," incorporated four pages of "general objections," and finally "responded" with the nonresponsive statement that "Shuko Realty had several communications with Fukase concerning the boundary wall." (Id. at 11-12.)

The Court has not seen Fukase's discovery responses, but will assume that they are as unresponsive as Third-Party Defendants' to avoid a swarm of filings from the other parties concerning the quality of Fukase's responses. The Court expresses its concern with whether the parties have complied in good faith with Magistrate Judge Puglisi's April 25 order, and orders the parties to appear before Magistrate Judge Puglisi next Wednesday, June 8, 2011, at 9:00 a.m., to address their compliance with his order.

Third-Party Defendants' second argument is that Fukase has failed to make a sufficient showing under Rule 56(d) that a

continuance of the hearing is warranted.  The Court agrees.  In its order granting the previous motion for a continuance, the Court noted the deficiencies in Fukase's motion.  (See ECF No. 131 at 3 ("[T]he declaration here contains no specifics as to the facts sought to be discovered or their preclusive effect on summary judgment.").)  Fukase's attorney submitted a declaration in support of the motion.  (ECF No. 152-2.)  The declaration in this motion has the same problems as the first one did.  For example, the declaration states that during the second part of the deposition Ogiwara will be "asked to verify and explain documents that are currently planned to be used in [Fukase's response]," but doesn't state what those documents are or why they will preclude summary judgment.  (Id. ¶ 27.)  The declaration also notes that the first part of Ogiwara's deposition revealed "the names of employees involved in or working for Ogiwara at the time of the subject transaction who may have pertinent information."  (Id. ¶ 31.)  But it doesn't say what that information might be.  The declaration is insufficient under Rule 56(d).  See Tatum v. City & Cnty. of S.F., 441 F.3d 1090, 1100–01 ("Absent a showing by Tatum that additional discovery would have revealed specific facts precluding summary judgment, the district court did not abuse its discretion by

denying Tatum's request for a continuance under [Rule 56(d)].").[2]

At the same time, the Court granted the previous motion for a continuance despite Fukase's lack of specificity in part because of Magistrate Judge Puglisi's standing April 25 order. (ECF No. 131 at 3-4 (citing Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306 n.1 (9th Cir. 1986), and Garrett v. City & Cnty. of S.F., 818 F.2d 1515, 1518 (9th Cir. 1987)).) Fukase has expressed concerns that Third-Party Defendants have produced inadequate responses to Fukase's discovery requests, thereby failing to comply with Magistrate Judge Puglisi's order. As discussed above, it appears that those concerns may be well founded. The Court therefore will grant the motion to continue despite the deficiencies in Fukase's filing. But having now warned Fukase twice about the deficiencies in her motions to continue, the Court will not accept similarly deficient explanations should Fukase move yet again for a continued hearing. Nor will the Court look kindly on yet another motion to continue filed at the last minute, should Fukase elect to choose that path again.

---

[2] The 2010 Amendments to Rule 56, effective December 1, 2010, moved the provisions of subdivision (f) to subdivision (d) "without substantial change." See Fed. R. Civ. P. 56 advisory committee's note. Accordingly, the Court's Rule 56(d) analysis is informed by precedent construing the former Rule 56(f). Tatum, for example, construed the rule as previously lettered.

Finally, Third-Party Defendants express concern that Fukase will attempt to notice additional depositions and seek new discovery. The Court emphasizes that in granting this motion to continue the hearing, it is <u>not</u> granting approval of any discovery requests that were not previously approved in Magistrate Judge Puglisi's April 25 order.

For the foregoing reasons, the Court GRANTS Fukase's second motion to continue the hearing on Third-Party Defendants' motion for summary judgment. All hearings in this matter currently set for June 27, 2011, are CONTINUED until Wednesday, July 27, 2011, at 10:00 a.m. The briefing for that hearing will follow the ordinary schedule set forth in LR7.4. The parties are DIRECTED to appear before Magistrate Judge Puglisi on Wednesday, June 8, 2011, at 9:00 a.m., to address their compliance with Magistrate Judge Puglisi's Order on Discovery Motions dated April 25, 2011.

Finally, Fukase has also moved to shorten the time to hear this motion to continue the summary-judgment hearing. (ECF No. 154.) That motion is DENIED as moot.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, June 3, 2011.



_____
Alan C. Kay
Sr. United States District Judge

Rogers v. Fukase, Civ. No. 10-00337 ACK-RLP: Order Granting Second Motion to Continue Hearing and Denying as Moot Ex Parte Motion to Shorten Time to Hear Motion