IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| Henk ROGERS and Akemi ROGERS,<br><br>Plaintiffs,<br><br>vs.<br><br>Makiko FUKASE, et al.,<br><br>Defendants. | Civ. No. 10-00337 ACK-RLP |
| Makiko FUKASE,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>Hiroko OGIWARA, et al.,<br><br>Third-Party Defendants. | |

## ORDER DENYING THIRD-PARTY DEFENDANTS' MOTION TO STRIKE

On July 15, 2011, Third-Party Defendants Hiroko Ogiwara and Shuko International Corporation filed a motion to strike two documents filed by Defendant and Third-Party Plaintiff Makiko Fukase in opposition to Third-Party Defendants' motion for summary judgment. ("Motion," ECF No. 198.) Fukase has not yet filed an opposition, but there is no need for her to do so. The Court has determined that this motion is suitable for decision

without a hearing.  See LR7.2(d).  The Court will deny the motion.

## I. ANALYSIS

The motion to strike concerns two filings.  The first is Fukase's memorandum in opposition to Third-Party Defendants motion for summary judgment.  ("Opposition Memo," ECF No. 192.)  The second is Fukase's opposition to the concise statement of facts that Third-Party Defendants submitted alongside their motion for summary judgment.  ("Opposition CSF," ECF No. 193.)

### A.     Timeliness

Third-Party Defendants' primary argument is that both filings should be stricken because they were filed after midnight, rendering them untimely.  The Opposition Memo was filed at 12:08 a.m. on July 14, 2011, so it was eight minutes late.  The Opposition CSF was filed ten minutes after midnight.  The Court had noted the time of the filings, and finds that no party was prejudiced by the ten-minute wait.  Indeed, Third-Party Defendants have made no attempt to demonstrate prejudice.  The Court will not strike the filings due to untimeliness.[1]

---

[1] Third-Party Defendants also complain that Fukase did not submit a pretrial statement on July 7, 2011, as apparently had been ordered, off the record, by the magistrate judge's chambers.  The Court issued a Second Amended Scheduling order on July 8, 2011, that set the deadline for pretrial statements as August 8, 2011.  (ECF No. 187.)  The previous scheduling order had not contained a deadline for pretrial statements.  (ECF No. 141.)  To the extent that Fukase's failure to file a pretrial statement on
(continued...)

**B.      Location of Attachments**

The next argument for striking the filings is that Fukase attached exhibits to the Opposition Memo rather than to the Opposition CSF. (Motion at 4.) The local rules specify that exhibits "shall only be attached to the concise statement." LR56.1(h). The Court had noted this violation of the local rules, but the Court disagrees that the "practical prejudicial effect of needlessly rendering both the Memorandum in Opposition and SOF Reply much more difficult to track and follow" is so severe that the filings should be stricken. (Motion at 4.) The Court will not strike the filings on the basis of the incorrect attachment of exhibits.

**C.      Authenticity of Exhibits**

Third-Party Defendants' next argument challenges the authenticity of certain of the exhibits that Fukase filed. Here, the Court must recognize the irony in the position taken by Steven L. Goto, Third-Party Defendants' attorney. The motion complains that Fukase "relies on her counsel's recollection of [certain] deposition testimony" where transcripts of that testimony are not yet available. (Motion at 5 n.2.) "Absent the transcript," Goto writes, "there are no such admissible facts

---

[1]/ (...continued)
July 7 was in violation of an off-the-record order by the magistrate judge, the Court finds that no other party was prejudiced by the failure.

before the Court." Yet in another case that was before this Court just a few weeks ago, Goto relied on his own recollection of deposition testimony where transcripts were not yet available. The Court extended Goto the accommodation of allowing him to supplement the record with transcripts before the hearing. The Court will extend the same accommodation to Fukase's attorney here.

Goto also claims that certain of Fukase's exhibits, which Fukase's attorney has declared were "produced . . . in response to a discovery request," are insufficiently authenticated to be considered on a motion for summary judgment. Yet in the same case before this Court, Goto relied on evidence that he could not authenticate beyond declaring that it had been produced in response to his discovery requests. The Court considered the evidence that Goto presented, and will now consider the evidence that Goto opposes.

Specifically, Exhibits B and C were purportedly produced by the plaintiffs in response to discovery requests. (Squeri Decl. ¶¶ 5-6, ECF No. 192-2.) Granted, Third-Party Defendants did not themselves produce the documents contained in those exhibits, but Plaintiffs purportedly did produce them, and if there is any genuine question about their authenticity, that question can be addressed before trial. See Orr v. Bank of Am., NT & SA, 285 F.3d 764, 776 ("[W]hen a document has been

authenticated by a party, the requirement of authenticity is satisfied as to that document with regards to all parties, subject to the right of any party to present evidence to the ultimate fact-finder disputing its authenticity."); id. at 777 & n.20 (noting that documents produced by a party to an action in discovery can be deemed authentic when offered by other parties to that action). The Court notes that it is unclear from the record whose handwriting appears on Exhibits B and C. From context it appears to be that of one or both of the plaintiffs. Fukase will be granted leave to supplement the record with evidence that identifies the handwriting.

Exhibits M, N, and R were purportedly produced in discovery by Third-Party Defendants themselves, and Third-Party Defendants have neither denied that they produced the documents nor challenged their authenticity.

Finally, Exhibit T, along with other deposition excerpts that Fukase has submitted but Third-Party Defendants have not challenged, does indeed lack the "reporter's certification and the names of the deponent and the action." Orr, 285 F.3d at 774. Third-Party Defendants have made no substantive challenge to the authenticity of the deposition excerpts, which appear, in context, to be what they purport to be. If the parties cannot arrive at a stipulation as to the excerpts' authenticity, Fukase will be granted leave to

supplement her exhibits with the necessary authenticating information.

**D.**      **Admissibility of Fukase's Declaration**

Third-Party Defendants also assert that Fukase's declaration is inadmissible because it is written in English, which Fukase purportedly has difficulty reading or understanding. (Motion at 8.) But the declaration states that it was translated in Japanese for Fukase to understand. (Fukase Decl. ¶ 4, ECF No. 192-1.) This is sufficient for the declaration to be considered. Third-Party Defendants will have an opportunity to question Fukase about her understanding of the relevant English documents, such as the purchase contract, at trial.

Third-Party Defendants also complain that Fukase's declaration "is replete with conclusions and argument." (Motion at 10.) The Court is capable of distinguishing "factual contentions" from "conclusions and argument." LR7.6. To the extent that Fukase's declaration contains the latter type of statements, the Court will disregard those statements.

## II. CONCLUSION

The parties are reminded that there are at least nineteen separate claims in this action by the various parties against each other. The parties are <u>strongly</u> advised to stipulate to the authenticity of evidence before trial where

there is no genuine dispute as to authenticity, and to otherwise limit the controversy to matters that are genuinely disputed.

For the foregoing reasons, the Court DENIES Third-Party Defendants' Motion to Strike.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, July 18, 2011.



_____
Alan C. Kay
Sr. United States District Judge

Rogers v. Fukase, Civ. No. 10-00337 ACK-RLP: Order Denying Third-Party Defendants' Motion to Strike